UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HUAN FENG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH B. EDLOW, in his official capacity as Director, United States Citizenship and Immigration Services,<br><br>Defendant. | No. 2:26-cv-438 WBS SCR<br><br>MEMORANDUM AND ORDER |

----oo0oo----

This case concerns allegedly "unreasonably delayed Form I-526E immigrant visa petitions" brought by "thirteen EB-5 investors." (Docket No. 1 (Compl.) at 1.)

The EB-5 program makes visas available "to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise," provided that the visa applicant invests sufficient funds into and creates sufficient employment within American businesses. See 8 U.S.C. §

1153(b)(5)(A). To apply for an EB-5 visa, individuals may file either Form I-526 or Form I-526E with the United States Citizenship and Immigration Services ("USCIS"). (Compl. at 3.); see also 8 U.S.C. § 1154(a)(1)(H).

Plaintiffs allege that they have met the requirements of 8 U.S.C. § 1153(b)(5)(A) and that their Form I-526E petitions should be approved. (See Compl. at 12-14.) However, they argue, their I-526E petitions have each been languishing before USCIS for between two and three years without resolution. (See id. at 16-17.) They bring two claims: a claim under the Mandamus Act, 28 U.S.C. § 1361, through which they seek to compel USCIS to timely adjudicate their Form I-526E petitions; and a claim under the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1), pursuant to which they argue that USCIS's failure to timely adjudicate their Form I-526E petitions is arbitrary and capricious. (See Compl. at 18-27.) They seek both a writ of mandamus and an injunction requiring defendant and his agents to "adjudicate [their] Form[] I-526E petitions within thirty (30) days of the Court's order." (Id. at 27.)

Defendant has filed a motion to dismiss that is now before the court. (Docket No. 15.) In this motion, defendant argues that a provision of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), strips this court of jurisdiction to adjudicate plaintiffs' claims regarding their I-526E petitions (Docket No. 15 at 3-4); and, in the alternative, all plaintiffs except Huan Feng were improperly joined to this action (id. at 5-10).

Since that filing, three plaintiffs -- Ling Chen, Jinrong Li, and Huan Feng -- have filed notices of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Docket Nos. 20 (Chen and Li), 22 (Feng).) These notices were properly filed, as defendant has neither filed an answer nor a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A)(i). The court accordingly resolves defendant's motion to dismiss as to the remaining plaintiffs.

## I. Discussion

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed once the court determines that it lacks subject-matter jurisdiction to adjudicate its claims. Fed. R. Civ. P. 12(b)(1). The INA's jurisdiction-stripping provision states that:

> "Notwithstanding any other provision of law (statutory or nonstatutory), ... no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section ... 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title."

8 U.S.C. § 1252(a)(2)(B) (emphases added).

A different provision of the INA in turn states that the Secretary of Homeland Security "may" process petitions such as Form I-526E petitions in the "manner and order" he "establish[es]." 8 U.S.C. § 1153(b)(5)(E)(ii).

Following briefing by the parties, the court heard oral argument on this motion on August 17, 2026. During oral argument, the counsel for both sides referenced cases not contained within their briefs which they claimed supported their respective positions on whether § 1252(a)(2)(B)(ii) deprives this court of jurisdiction to adjudicate plaintiffs' claims. Accordingly, this court invited the parties (Docket No. 26) to file supplemental authorities on this jurisdictional question. (See Docket No. 27; Docket. No. 28.) Upon review of the authorities provided by both sides, for the following reasons, the court grants defendant's motion to dismiss.

A. Whether the INA Strips This Court of Jurisdiction

Plaintiffs marshal a series of district court cases (Docket No. 27 at 2-5), primarily from the Northern District of California to support their minority position that this court has jurisdiction under § 1252(a)(2)(B)(ii). See e.g., Dinh v. Edlow, No. 26-CV-02697-TSH, 2026 WL 2001155, at *4–5 (N.D. Cal. July 10, 2026) (finding that USCIS has a non-discretionary duty to adjudicate claims arising under U.S.C. § 555(b) and that a "failure to act" is not a "final decision" of the agency precluded from review); Suraj v. Edlow, No. 26-CV-02269-BLF, 2026 WL 2198764, at *4–5 (N.D. Cal. July 29, 2026) (finding that USCIS does not have discretion to "forego adjudication all together" under § 1252(a)(2)(B)(ii)); Yousefisahi v. Edlow, No. 25-cv-09728-LJC, 2026 WL 1388704, at *4–6 (N.D. Cal. May 18, 2026) (finding that "courts in [the Northern District of California] have for many years 'unanimously' held that USCIS has a non-

discretionary duty to adjudicate I-485 applications that is enforceable notwithstanding § 1252(a)(2)(B)(ii)”) (citations and original alterations omitted)).

None of those lower court decisions has yet to be supported by any appellate court decision. To the contrary, every circuit court to have considered the question of whether district courts have jurisdiction to review speed of adjudication claims on visa applications has found that § 1252(a)(2)(B)(ii) bars the district courts’ jurisdiction to hear such claims.

In Geda v. Dir. United States Citizenship & Immigr. Servs., the Third Circuit found that it lacked jurisdiction not only to review the final agency decision but also the attendant process leading to that decision. 126 F.4th 835, 844 (3d Cir. 2025). Specifically, it lacked jurisdiction to “review both the decision to put the [the plaintiffs’] [I-485 “green card” applications] on hold and the “inextricably intertwined” process ‘prescribed’ by the Secretary for reaching that decision.” (Id.) (quoting Bakran v. Sec'y, United States Dep't of Homeland Sec., 894 F.3d 557, 563 (3d Cir. 2018). The court found that § 1255(a) “provides the Secretary discretion over not only the final decision but the entire process for reaching that decision.” (Geda, F.4th at 843) (emphasis added.)

In Kale v. Alfonso-Royals, the Fourth Circuit came to a similar conclusion concerning the Attorney General’s adjudication policy for adjustment of status applications. 139 F.4th 329, 335-36 (4th Cir. 2025). It found that the text of § 1255(a) and § 1252(a)(2)(B)(ii) clearly demonstrate that Congress intended to

shield "discretionary decisions" about status adjustment from judicial review -- including USCIS's procedures and regulations for making such status adjustments. (Id. at 335.)

The Fifth Circuit, in Cheejati v. Blinken, determined it lacked jurisdiction under § 1252(a)(2)(B)(ii) to hear speed-of-adjudication claims for Form I-485 applicants. 106 F.4th 388, 394 (5th Cir. 2024), cert. denied, 145 S. Ct. 1126 (2025) (emphasis omitted). The court interpreted 8 U.S.C. §§ 1252(a)(2)(B)(ii) and 1255 to find that not only is a final adjustment decision for I-485 applicants within the Attorney General's sole discretion but also any "actions taken in the course of the decision-making *process*—including the pace at which that process is undertaken." (Id. at 394.)

In Thigulla v. Jaddou, the Eighth Circuit likewise dismissed a claim challenging the adjudication hold policy for Form I-485 applications due to lack of subject-matter jurisdiction under § 1252(a)(2)(B)(ii). 94 F.4th 770, 777 (8th Cir. 2024). The court found that it lacked jurisdiction because § 1255(a) clearly confers discretion to the Attorney General to adjust status and prescribe regulations to administer adjudications of status. (Id. at 775.)

In Kanapuram v. Dir., U.S. Citizenship & Immigr. Servs., the Eleventh Circuit, citing Cheejati, held that § 1255(a)'s "grant of discretion" to the Secretary to adjust status "includes not only the ultimate decision to approve or deny a visa, but also 'actions taken in the course of the decision-making process -- including the pace at which that process is

undertaken[.]'" 131 F.4th 1302, 1307 (11th Cir. 2025) (quoting Cheejati v. Blinken, 106 F.4th at 394).

Other district courts have similarly found that § 1252(a)(2)(B)(ii) bars jurisdiction for speed-of-adjudication claims. In Khachutorov v. Britten, relying on the above circuit court decisions, the court found "government decisions regarding the pace of review of an application are generally discretionary and therefore insulated from judicial review" as it concerned plaintiffs' claims of delay in adjudicating Form I-485, I-131, and I-765 applications. 792 F. Supp. 3d 1106, 1110-14 (C.D. Cal. 2025). Khachutorov thus refused to extend jurisdiction where the "immigration benefits Plaintiffs [sought] fall within the government's discretion to grant or deny." (Id. at 1114.)

In Sekar v. Tarango, the court adopted Khachutorov's reasoning as applied to a challenge for delay in adjudicating the same visa presented by this case: a Form I-526E petition. No. 8:26-CV-00468-FWS-DFM, 2026 WL 1454439, at *3. Citing to § 1153(E)(i)-(ii), the court found that the INA commits discretion to the Secretary for establishing the "manner and order" of processing EB-5 petitions, such as we have here. 2026 WL 1454439, at *3.

The Ninth Circuit has not yet addressed whether the language "any other decision or action . . . to be in the discretion of the . . . Secretary of Homeland Security" in 8 U.S.C. § 1252(a)(2)(B)(ii) encompasses USCIS's obligation to render decisions on immigration petitions such as Form I-526Es in a timely manner, cf. Jamdar, et al., v. Edlow, et al., No. 5:25-

cv-11002 BLF, 2026 WL 1763856, at *2 (N.D. Cal. June 18, 2026); Yokananth Sekar et al. v. Tracy Tarango et al., No. 8:26-cv-00468 FWS DFM, 2026 WL 1454439, at *3 (C.D. Cal. May 15, 2026). It has nevertheless instructed that this phrase should be interpreted "expansively to cover all determinations made in support of a grant of discretionary relief," Zia v. Garland, 112 F.4th 1194, 1200 (9th Cir. 2024) (emphasis added).

Furthermore, "the absence of a specific time constraint on adjudication . . . strongly suggests that Congress intended to commit decisions regarding the time allowed for adjudication of [I-526 and I-526E] applications to the Secretary's discretion," especially given that Congress has "withdraw[n] discretion over the pace of immigration status adjudication by imposing time constraints on other immigration decisions to be made by the Secretary." Na Li v. Chertoff, No. 07-cv-5634 JFW AJWX, 2008 WL 11342782, at *3 (C.D. Cal. Jan. 31, 2008) (citing 8 U.S.C. § 1447(b)); see also Osechas Lopez v. Mayorkas, 649 F. Supp. 3d 1278, 1286 (S.D. Fla. 2023) ("[T]here is no congressionally or administratively prescribed timeframe within which USCIS has a duty to process or adjudicate I-526 petitions."); Vafaei v. U.S. Citizenship & Immigr. Servs., No. 22-cv-1608 CKK, 2024 WL 1213394, at *4 (D.D.C. Mar. 21, 2024) (same).

That Congress has declined to impose any processing-time constraints here despite imposing such constraints elsewhere "reinforces the conclusion" that it intended the Secretary's determinations regarding the pace of I-526E decisions "to be wholly discretionary." Na Li, 2008 WL 11342782, at *3; see also

Mohsenzadeh v. Kelly, 276 F. Supp. 3d 1007, 1014 (S.D. Cal. 2017) (finding that "the 180-day 'sense of Congress' for adjudication of I-485 applications "has been interpreted as 'non-binding legislative dicta.'" (quoting Yang v. Cal. Dept. of Soc. Serv., 183 F.3d 953, 961 (9th Cir. 1999).

Here, the court concludes that the Secretary's final decision on a Form I-526E immigrant visa petition is similarly "inextricably intertwined" with the attendant agency process required for reaching that decision. See Geda, 126 F.4th at 844. Like Geda, Kale, Cheetjati, Thigulla, and Kanapuram found that § 1255(a) conferred agency discretion for the manner in which I-485 are adjudicated, this court finds that 8 U.S.C. § 1153(b)(5)(E)(ii) clearly commits discretion to the Secretary for the processing of Form I-526E petitions. Under § 1153(b)(5)(E)(ii), the Secretary "may" process petitions such as Form I-526E petitions in the "manner and order" he "establish[es]." 8 U.S.C. § 1153(b)(5)(E)(ii). The usage of the word "may" in the foregoing provision "clearly connotes discretion." Bouarfa v. Mayorkas, 604 U.S. 6, 13 (2024) (quotations omitted).

The process for adjudicating visa applications submitted on behalf of investors seeking to immigrate to the United States is statutorily committed to the discretion of the Secretary of Homeland Security. There may be many reasons for delay in the processing of such applications. Shortage of funding, staffing issues, or competing demands on the Secretary's time and resources could be just a few. It is not for this court

to second-guess the day-to-day processes of the Department of Homeland Security. Nor should the Secretary be required to justify or explain the procedures or pace for adjudicating those applications. See Cheejati, 106 F.4th at 394.

Plaintiffs express concern that if the court adopts the above interpretation of INA's jurisdiction-stripping provision, it could be enabling the perpetual delay of governmental obligations that are mandated by law. (See Docket No. 21 at 9-10.) But plaintiffs have not provided any evidence to substantiate that concern. See Khachutorov, 792 F. Supp. 3d at 1114. To the extent plaintiffs claim that the fact that their petitions have been pending for between two and three years, alone, establishes perpetual delay tantamount to a refusal to act on their applications, that argument is unavailing. See Mohsenzadeh v. Kelly, 276 F. Supp. 3d at 1014 (finding no "extreme delay necessary to show that [the government] [is] refusing to act on [p]laintiff[s'] application[s]" where USCIS held plaintiffs' Form I-485 application pending for five years).

Moreover, "unlike in the case of a private party, [courts] presume the government is acting in good faith." Am. Cargo Transp., Inc. v. United States, 625 F.3d 1176, 1180 (9th Cir. 2010); cf. Pam-To-Pee v. United States, 187 U.S. 371, 378 (1902) ("[I]t must be assumed, in the absence of any showing to the contrary, that the officers of the government acted reasonably, fairly, and with all needed diligence in discharging the duty imposed upon them."). Assuming that the government is flouting its statutory obligation to adjudicate plaintiffs' I-

526E petitions simply because it has not done so in plaintiffs' preferred timeframe cannot be squared with that presumption.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 15) be, and the same hereby is, GRANTED. This action is hereby DISMISSED, and the Clerk is directed to close the file.

Dated: September 2, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE